UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
NOV 14 2013

******************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 13-40040-03, 04 |
| Plaintiff, | * | |
| vs. | * | ORDER |
| JEFFREY HARLEY STROM; and AUSTIN JON DALSTED, | * | |
| Defendants. | * | |

******************************************************************

Pending before the Court are various Motions in Limine filed by Defendant Dalsted and the Government. To assist the parties in preparation for trial,

IT IS ORDERED:

1. That as to Defendant Dalsted's Motion in Limine, Doc. 81, part 1, in which Defendant requested an Order sequestering the witnesses which the Government intends to call in its case in chief, with such Order directing that any of the Government witnesses be segregated from each other and prohibited from talking with one another both prior to providing their testimony in open court and after having testified in open court, the Motion is granted except the case agent may be present in Court.

2. That as to Defendant Dalsted's Motion in Limine, Doc. 81, part 2, in which Defendant requested an Order prohibiting the Government, the Government's attorney, or any other witness from making any comments or reference, whether direct or indirect, as to whether Defendant does or does not elect to take the stand in his own defense, the Motion is granted.

3. That as to Defendant Dalsted's Motion in Limine, Doc. 81, part 3(a), in which Defendant requested an Order prohibiting the Government from eliciting any evidence or testimony regarding any arrests, adjudication of guilt, or convictions of Defendant for any criminal offenses, the Court has inadequate information to rule upon this question at this time. The Government shall request a hearing out of the presence of the jury before attempting to introduce any such evidence.

4. That as to Defendant Dalsted's Motion in Limine, Doc. 81, part 3(b), in which Defendant requested an Order prohibiting the Government from discussing either the exact nature of or the specifics of any past arrests or convictions of Defendant, in the event Defendant elects to testify on his own behalf, the Court has inadequate information to rule upon this question at this time. The Government shall request a hearing out of the presence of the jury before attempting to introduce any such evidence.

5. That as to Defendant Dalsted's Motion in Limine, Doc. 81, part 3(c), in which Defendant requested an Order preventing the Government from eliciting testimony from any of its witnesses regarding any other evidence of Defendant's crimes, wrongs, or other bad acts which are allegedly probative of crimes with which he is charged, but are nevertheless substantially more prejudicial than probative and should be excluded, the Court has inadequate information to rule upon this question at this time. The Government shall request a hearing out of the presence of the jury before attempting to introduce any such evidence.

6. That as to Defendant Dalsted's Motion in Limine, Doc. 81, part 3(a), (b) and (c), and the criminal history records the Government provided to Defendant, Defendant submits that any reference to any offense for which there is no conviction would be irrelevant and extremely prejudicial to the Defendant, and that Defendant's prior criminal convictions should be excluded from admission into evidence. The motion is granted as to a), an underage possession/consumption of alcohol charge from January 1, 2013, and b), a DUI charge from February 18, 2013; and as to c), a misdemeanor marijuana charge from March 27, 2013, the Court has inadequate information to rule upon this question at this time. The Government shall request a hearing out of the presence of the jury before attempting to introduce any such evidence.

7. That as to Defendant Dalsted's Motion in Limine, Doc. 81, part 4, in which Defendant requested an Order precluding the Government, its witnesses, and its attorneys, from making any comments or references, whether direct or indirect, expressing their opinion on Defendant's guilt or innocence, the motion is granted.

8. That Defendant Dalsted's Motion for Disclosure of Witness Inducements, Doc. 82, is granted in that the Government has acknowledged its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), and will make such productions on November 15, 2013.

9. That Defendant Dalsted's Motion for Disclosure of Impeaching Information, Doc. 83, is granted in that the Government in its response of November 4,

2013, Doc. 141, has agreed to provide what the Government is required to provide under the law. As to item 3, so there is no misunderstanding, the Government will disclose "consideration" as item 3 defines consideration. The Government cannot, however, know all that might be "expected or hoped for by the witnesses."

10. That as to Defendant Dalsted's Request Pursuant to 404(b), Doc. 84, for the U. S. Attorney to provide defense counsel with the general nature of any and all such evidence covered by Rule 404(b) of the Federal Rules of Evidence, the Court has been advised by the Government that it is providing Rule 404(b) evidence the Friday before trial, which is timely, and the Motion is granted to that extent.

11. That as to the Government's Motion in Limine, Doc. 99, part 1, for an Order precluding the Defendants, their respective attorneys, or any witnesses from making any comment or reference, whether direct or indirect, to penalty or punishment in this case, the motion is granted.

12. That as to the Government's Motion in Limine, Doc. 99, part 2, for an Order precluding the Defendants, their respective attorneys, or any witness from making any comments or references, whether direct or indirect, expressing their opinion on a Defendant's guilt or innocence, the Motion is granted, but each Defendant can proclaim his own innocence if that Defendant testifies.

13. That as to the Government's Motion in Limine, Doc. 99, part 3, for an Order precluding the Defendants, their respective attorneys, or any witness from making any comments or references, whether direct or indirect, to matters that are required to be raised before trial, including allegations of improperly motivated prosecution, defects in the Indictment, or suppression of any evidence, the Motion is granted.

Dated this 14th day of November, 2013.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY